UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEANNA CRISPIN,<br><br>             Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Respondent. | Case No. 2:15-cv-00242-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is the Petition for Review of Respondent's denial of widow's disability Social Security Insurance Benefits filed by Deanna Crispin on July 1, 2015. (Dkt. 1.) Pursuant to 28 U.S.C. § 636(c), the parties consented to the exercise of jurisdiction over this matter by the undersigned United States Magistrate Judge. (Dkt. 9.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the decision of the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for widow's disability Social Security Insurance Benefits on February 28, 2012, claiming disability beginning November 1, 2009, due to right median entrapment neuropathy, degenerative disc disease of the lumbar spine, gastritis, and obesity. Her application was denied initially and again on reconsideration, and a hearing was held before Administrative Law Judge (ALJ) Lori Freund on August 14, 2013. After hearing testimony from Petitioner and a vocational expert, ALJ Freund issued a decision finding Petitioner not disabled on October 22, 2013. On May 6, 2015, the Appeals Council denied Petitioner's request for review, making the ALJ's decision the final agency decision. Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Petitioner was born on December 27, 1960. She graduated from high school and completed two years of college, and her prior work experience includes work as a home attendant, a massage therapist, and a caretaker for the elderly. (AR 74, 80.)

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner has not engaged in substantial gainful activity since her alleged onset date, November 1, 2009. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's right median neuropathy,

**MEMORANDUM DECISION AND ORDER - 2**

degenerative disc disease of the lumbar spine, gastritis, and obesity severe within the meaning of the Regulations.

Step three asks whether a claimant's impairment meets or equals a listed impairment. The ALJ found none of Petitioner's severe impairments met or equaled its corresponding listing requirements, specifically considering Listing 1.04 (disorders of the spine), listings under 5.00 (digestive), and 11.14 (peripheral neuropathies). Additionally, the ALJ found, primarily based on lack of medical source opinions to the contrary, Petitioner's obesity, while severe, had not exacerbated her other severe impairments such that they met or medically equaled a listing. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ found Petitioner was not able to perform past relevant work as a home attendant. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate, at step five, that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.

Here, the ALJ found Petitioner retained the RFC to perform light work, with limitations restricting her to a position with a sit/stand option that allows position changes at 60-minute intervals; she could occasionally stoop, kneel, crouch, crawl, climb ramps or stairs, but could never climb ladders, ropes, or scaffolds; and she would need to avoid

**MEMORANDUM DECISION AND ORDER - 3**

exposure to excessive vibration, hazardous machinery, and unprotected heights. With this RFC, the ALJ determined Petitioner could perform the requirements of representative occupations such as laundry worker, marker or pricer, and cashier II.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not

mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

**MEMORANDUM DECISION AND ORDER - 5**

## DISCUSSION

Petitioner takes issue with two aspects of the ALJ's decision. First, Petitioner contends the ALJ committed error by failing to consider her chronic pain as a severe impairment at step two. Second, Petitioner argues the ALJ erred at step four by not considering Petitioner's objective medical evidence of chronic pain (as an independent impairment), or alternatively, erred by not providing specific, clear and convincing reasons for discrediting Petitioner's symptoms of pain caused by her claimed impairments. The Court will address each of these issues, in turn.

**I. Any Error by the ALJ at Step Two was Harmless**

As noted, the ALJ found Petitioner has the severe impairments of right median entrapment neuropathy, degenerative disc disease of the lumbar spine, gastritis, and obesity. In Petitioner's Application for Social Security Benefits, under the "medical conditions" section, Petitioner was instructed to list "all physical or mental conditions…that limit [her] ability to work." (AR 152.) Although Petitioner did not list a distinct type of "chronic pain," she now asserts the ALJ erred at step two because the ALJ failed to consider chronic pain as one of Petitioner's severe impairments.

The United States Court of Appeals for the Ninth Circuit has held that, when an ALJ resolves step two in a claimant's favor— i.e., finding that a severe impairment exists—the ALJ's failure to identify additional severe impairments is harmless, especially if the ALJ considered the impairment later in the sequential process. *Pouppirt v. Comm'r of Soc. Sec.*, 609 F. App'x 440, 441 (9th Cir. 2015); *see also Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Accordingly, because the ALJ resolved step two in Petitioner's

**MEMORANDUM DECISION AND ORDER - 6**

favor and discussed Petitioner's severe pain complaints later in the sequential process as addressed below, the Court finds any error by the ALJ in failing to identify another alleged impairment as severe is harmless.

## II. The ALJ did not Err in Evaluating the Credibility of Petitioner's Subjective Pain Complaints

Petitioner contends the ALJ erred at step four when evaluating the credibility of Petitioner's subjective pain complaints. More specifically, Petitioner argues the ALJ erred by not considering whether Petitioner presented medical evidence of her chronic pain impairment (as its own independent condition) and whether this other impairment reasonably could be expected to produce the pain and other symptoms described by Petitioner. Alternatively, Petitioner contends the ALJ erred by failing to give specific, clear and convincing reasons for rejecting Petitioner's pain complaints associated with her claimed impairments. Before discussing Petitioner's arguments, the Court will set forth the standard applicable to the ALJ's assessment of credibility, including subjective pain complaints.

### A. Standard for Evaluating Credibility Including Subjective Pain Complaints

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ's findings must be supported by specific, cogent reasons. *Id.*

The ALJ must engage in a two-step analysis when evaluating the credibility of a claimant's subjective pain testimony. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir.2007). "First, the ALJ must determine whether the claimant has presented objective

**MEMORANDUM DECISION AND ORDER - 7**

medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036 (internal citations and quotations omitted). The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* (quoting *Smolen v. Chater,* 80 F.3d 1273, 1282 (9th Cir.1996)). "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms by giving 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue,* 547 F.3d 1101, 1104–1105 (9th Cir. 2008). "Evidence of malingering is [] sufficient to support a negative credibility finding." *Mohammad v. Colvin*, 595 F. App'x 696, 697 (9th Cir. 2014).

The reasons an ALJ gives for rejecting a claimant's testimony must be supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). If there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 957, 959 (9th Cir. 2002). When the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the

**MEMORANDUM DECISION AND ORDER - 8**

nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). Also, the ALJ may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and treatment measures taken by the claimant to alleviate those symptoms. *See* SSR 96-7p.

### B. The ALJ Appropriately Considered Petitioner's Pain Complaints as Symptoms of Her Impairments

Petitioner argues the ALJ erred by misapplying the above two-step analysis, because the ALJ failed to consider objective medical evidence of Petitioner's chronic pain impairment (as its own independent condition) and whether it could reasonably be expected to produce the pain and other symptoms alleged by Petitioner.

The Court disagrees and instead, upon review of the record, finds the ALJ properly applied the two-step analysis for evaluating subjective pain complaints and appropriately considered Petitioner's pain complaints as symptoms of her other impairments. Petitioner does not contend she suffers from chronic pain syndrome or fibromyalgia, or any other recognizable pain disease. Rather, she alleges generally that she suffers from pain from a variety of conditions. Pain does not cause pain. Instead, pain as alleged here, is a symptom caused by Petitioner's recognized impairments—right median neuropathy, degenerative disc disease of the lumbar spine, gastritis, and obesity. *See* 20 C.F.R. § 404.1529; SSR 96-3p; SSR 96-7p, *available at* 1996 WL 374186, at *1; SSR-8p, *available at* 1996 WL 374184, at *2; SSR 96-9p, *available at* 1996 WL 374185, at 1; and SSR-02-1p, *available at* 2000 WL 628049, at *4. Moreover, Petitioner did not

**MEMORANDUM DECISION AND ORDER - 9**

distinguish or offer an explanation as to how her chronic pain differed from the pain symptoms attributable to her other impairments. Accordingly, the ALJ correctly interpreted Petitioner's complaints of pain as symptoms of her other impairments.

### C. Substantial Evidence Supports the ALJ's Conclusion that Petitioner's Pain Complaints were not Fully Credible

Petitioner argues the ALJ erred by failing to properly evaluate her credibility, by failing to provide specific, clear and convincing reasons for rejecting Petitioner's complaints of pain associated with her other impairments. The ALJ found Petitioner's statements concerning the intensity, persistence and limiting effects of her symptoms of pain not entirely credible, because the objective medical evidence and Petitioner's activities did not fully support the level of limitation claimed. (AR. 16, 17.) For the following reasons, the Court finds the ALJ provided specific, clear and convincing reasons supported by substantial evidence in the record in finding Petitioner not fully credible.

Here, the ALJ found the objective medical evidence demonstrates Petitioner suffers from right median neuropathy, degenerative disc disease of the lumbar spine, gastritis, and obesity. Petitioner alleged in her Function Report that her conditions affected her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, see, remember, complete tasks, concentrate, use her hand, and get along with others. She stated also that she could stand for only 20 to 40 minutes, lift only 20 pounds, and walk only100 yards on a good day. She reported that she does not follow written instructions well, she becomes overwhelmed when stressed, and she does not handle changes in

**MEMORANDUM DECISION AND ORDER - 10**

routine well. She complained to her medical providers of abdominal pain, weight loss, diarrhea, constipation, dry heaving, back pain, and paresthesia in both upper extremities. Petitioner testified during the hearing that her most problematic condition is her low back pain, and because of her pain, she can hardly take care of herself at all, she can only perform chores for 20 minutes at a time, and she can sit or stand for 20 minutes at a time. She stated also that she has to stop three to four times when she walks to the mailbox, which is 100 yards away. Petitioner reported that she could lift a gallon of milk for half a day two years ago, but not now. She stated that she could not even lift a basket of laundry if her "rib goes out," and reported that it "goes out" for weeks at a time. The Petitioner reported also stomach problems involving vomiting, diarrhea, and nausea. Despite Petitioner's subjective allegations, however, the ALJ could properly find that Petitioner's statements concerning the intensity, persistence and limiting effects of her symptoms of pain are not entirely credible because the objective medical evidence does not fully support the level of limitation claimed by Petitioner.

The ALJ considered objective medical evidence to assist her in making a reasonable conclusion about the intensity and persistence of Petitioner's various pain related symptoms. C.F.R. § 404.1529(c)(2)( "Objective medical evidence…is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"; *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

In terms of Petitioner's alleged physical impairments and their corresponding symptoms, the ALJ found that the objective medical evidence "does not fully support the

**MEMORANDUM DECISION AND ORDER - 11**

level of limitation claimed." (AR 16.) For instance, the ALJ considered the August 2009 medical findings from Dr. Charles Crane. *Id.* Petitioner presented to Dr. Crane with complaints of abdominal pain, diarrhea, nausea, and dry heaving over the prior three months. (AR. 207.) Dr. Crane noted that her CT and gallbladder ultrasounds were unremarkable, and that her entire diagnostic work-up was unremarkable. *Id.* When Petitioner returned to Dr. Crane one week later, she reported that the diarrhea and abdominal pain had almost completely resolved. (AR. 206.) She had a benign upper gastrointestinal exam, but her EGD was notable for gastritis. The ALJ noted that Petitioner denied any bowel changes, persistent nausea, or diarrhea at a later examination in April of 2010. (AR. 211.)

In April of 2010, Petitioner also presented to Dr. Soto, with complaints of exacerbated back pain since July of 2009. (AR. 210.) *Id.* Petitioner rated her pain as a 4-5 out of 10. *Id.* Dr. Soto observed Petitioner moving around the room comfortably and found that her sensation to light touch was intact throughout the lower extremities, her seated straight-leg raising test was negative, and she had a normal stance and cadence without antalgia. *Id.* The ALJ made reference also to Dr. Soto's report dated October 3, 2011, where Petitioner reported that her lumbar spine was "doing well or at least stable." (AR. 17, 231.) During the same visit, Dr. Soto noted that Petitioner had a normal range of motion in her upper and lower extremities, grossly intact sensation, and a normal gait. *Id.*

In August of 2012, Petitioner began chiropractic treatment with Dr. Edward Hunt. Dr. Hunt stated in October of 2012 that Petitioner had shown "excellent reduction in pain symptoms as well as increased range in motion." (AR 266.) Although Dr. Hunt did note

**MEMORANDUM DECISION AND ORDER - 12**

that Petitioner continued to report variable arm paresthesia, Petitioner had an appointment with Dr. Crane a couple of months later and presented her complaints of paresthesia in both upper extremities and occasional "electrical type" symptoms to him. (AR. 257.) Dr. Crane examined her and found that her cranial nerves were functionally intact and she had full strength in her upper and lower extremities, normal bulk and tone, intact sensation to light touch, negative Tinel's signs, an unremarkable gait, and a full range of motion in the cervical spine, shoulders, and elbows. (AR 257-258.) Dr. Crane reported that Petitioner's cervical spine was "completely unremarkable" and he could not recreate her symptoms. (AR 257.) Dr. Crane referred Petitioner to Dr. James Lea for an EMG, and the test results indicated bilateral median entrapment neuropathy, light to moderate neuropathy on the right and very mild on the left with no evidence of right ulnar entrapment neuropathy. (AR. 259.)

In addition, the ALJ considered the November 2011 medical findings of Dr. Mark Hernandez after Petitioner reported to Dr. Hernandez that she was experiencing severe constipation and abdominal pain. (AR. 230.) Dr. Hernandez ordered a CT scan of Petitioner's abdomen; however, the scan showed no bowel obstruction or perforation, no ascites, no evidence of diverticulitis, and no other acute findings. (AR. 248.) When Petitioner returned to see Dr. Hernandez in May of 2012, Dr. Hernandez indicated in his report it appeared Petitioner's abdominal problems had resolved. (AR. 254.) One month later, Petitioner returned to see Dr. Hernandez and Nurse O'Connor, and requested they complete a form and find her completely unable to perform work. Both Dr. Hernandez and Nurse O'Connor stated they were "quite reluctant" to do so. Nurse O'Connor opined

**MEMORANDUM DECISION AND ORDER - 13**

that Petitioner "perhaps [was] having some symptoms that may be signs of malingering." (AR. 252.)

Further, in Dr. Hernandez's and Nurse O'Connor's report, they noted that Petitioner had only mild degeneration of her lumbar spine and that she had not followed through on past medication and treatment recommendations to address the pain associated with those conditions.[1] In the same report, the ALJ considered also the medical professionals' note that indicated they discussed several other medication options with Petitioner, including physical therapy; however, "[p]atient absolutely does not want to have anything to w/these drugs because she has a fear of their side effects and she will not go back to physical therapy at this time." *Id. See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (the ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.").

As indicated above, the ALJ specified multiple clear and convincing reasons, each supported with substantial evidence, for finding Petitioner's objective medical evidence was mild with unremarkable findings on examination. And, her findings contrasted with Petitioner's reports of pain. Accordingly, the Court finds the ALJ reasonably concluded that Petitioner's statements concerning the intensity, persistence and limiting effects of her symptoms of pain were not entirely credible.

---

[1] During a previous visit on May 10, 2012, O'Connor and Hernandez prescribed Cymbalta for pain. (AR. 254.) During her follow up visit on June 26, 2012, O'Connor's and Hernandez's report indicates that Petitioner did not begin her Cymbalta prescription because she was afraid of its side effects. (AR. 252.) In the same report, the medical professionals indicated also that she was inconsistent with taking other medications, providing the example that "she took too much thyroid medication and now it appears she's not taking enough thyroid at all." (AR. 252.)

**MEMORANDUM DECISION AND ORDER - 14**

## CONCLUSION

For the reasons stated above, the Court will affirm the decision of the Commissioner. The Court finds that ALJ's decision was free from legal error. The ALJ's failure to include a finding that Petitioner's claimed "chronic pain" impairment was severe at step two was harmless error where the ALJ found that several of Petitioner's other impairments were severe. Moreover, the ALJ properly evaluated the medical opinion evidence and provided clear and convincing reasons for finding that Petitioner's subjective pain complaints were not fully credible.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**

Dated: **September 27, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**